IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LISA C. REED, et al.                                                                 PLAINTIFFS

v.                                                CIVIL ACTION NO. 4:11cv109-DPJ-FKB

GOVERNMENT EMPLOYEES                                      DEFENDANT
INSURANCE COMPANY

ORDER

       This insurance-coverage dispute is before the Court on cross-motions for partial summary judgment [10, 18]. The question is whether an ATV is an uninsured motor vehicle under Defendant's policy. Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds that the policy is ambiguous and therefore Plaintiffs' Motion for Partial Summary Judgment [10] should be granted and Defendant's Motion for Summary Judgment [18] should be denied.

I.     Facts and Procedural History

       This case arises from a February 10, 2010, collision between a vehicle driven by Plaintiff Haley Reed and a 2006 Honda Rancher ATV being operated by William C. Wooten. Am. Compl. [14] ¶ 10. Plaintiffs allege that Haley suffered injuries in the collision and that the vehicle Haley was driving, which is owned by Plaintiffs Lisa C. Reed and Jackie M. Reed, sustained property damage. Am. Compl. ¶ 11. According to the Reeds, the ATV had no liability policy of insurance covering it at the time of the accident and is therefore an uninsured motor vehicle within the meaning of their automobile insurance policy issued by Defendant Government Employees Insurance Company ("GEICO"). Id. ¶ 12. In their Amended Complaint, Plaintiffs assert breach of contract, bad faith, and defamation claims against GEICO.

The parties have filed cross-motions for partial summary judgment solely on the issue of whether the subject ATV qualifies as an "uninsured motor vehicle" for purposes of uninsured motorists coverage under the GEICO policy ("the Policy").[1]  The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When such contradictory facts exist, the court may "not make credibility

---

[1]Though Defendant's motion is captioned Cross-Motion for Summary Judgment, Defendant acknowledges that its motion does not address Plaintiffs' defamation claim and is therefore a motion for partial summary judgment.  Def.'s Rebuttal [29] at 6.

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

This diversity case involves Mississippi's rules for the construction of insurance contracts, which have been summarized by the Fifth Circuit as follows:

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. *See George v. Mississippi Farm Bureau Mut. Ins. Co.*, 250 Miss. 847, 168 So. 2d 530, 531 (1964). Second, it reads the policy as a whole, thereby giving effect to all provisions. *See Brown v. Hartford Ins. Co.*, 606 So. 2d 122, 126 (Miss. 1992). Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policyholder. *See Canal Ins. Co. v. Howell*, 248 Miss. 678, 160 So. 2d 218, 221 (1964). Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. *See Mississippi Ben. Ass'n v. Majure*, 201 Miss. 183, 29 So. 2d 110, 112 (1947). Fifth, when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. *See Caldwell v. Hartford Accident & Indem. Co.*, 248 Miss. 767, 160 So. 2d 209, 213 (1964). Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. *See State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So. 2d 1371, 1372 (Miss. 1981). Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. *See id.* at 1373. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured. *See id.*

*Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382–83 (5th Cir. 1998).

III.     Analysis

To decide whether the ATV was an "uninsured motor vehicle," the Court looks first to the terms of the Policy.  The Policy covers "damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle . . . arising out of the ownership, maintenance or use of that vehicle."  Cross-Mot. [18] Ex. D, Policy at 12.  "Uninsured motor vehicle" is defined as follows:

> Uninsured motor vehicle means:
>
> (a) A motor vehicle which has no bodily injury liability bond, policy of insurance or cash or securities on file to cover bodily injury at the time of the accident . . . .
>
> . . . .
>
> The term uninsured motor vehicle does not include:
>
> . . . .
>
> (e) A farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

*Id.*  Significantly, though, the Policy never defines "motor vehicle."

GEICO presents two primary arguments for finding that "motor vehicle" unambiguously excludes ATVs.  It first urges the Court to follow *Dowdle v. Mississippi Farm Bureau Mutual Insurance Co.*, where the Mississippi Supreme Court found that a golf cart was not a motor vehicle.  697 So. 2d 788, 789 (Miss. 1997).  Next, GEICO contends that ATVs are not "motor vehicles" under Mississippi's Motor Vehicle Responsibility Act ("MVRA"), Miss. Code Ann. §§ 63-15-1–63-15-75 (1972).  *See id.* § 63-15-3(c) (defining "motor vehicle").  Neither argument removes the ambiguity.

The problem with the *Dowdle* argument is that the policy in that case clearly and unambiguously excluded recreational vehicles from UIM coverage. That policy defined "automobile" as not including "[m]otorcycles, motor driven cycles, all-terrain vehicles or any other recreational vehicle" and excluded from the definition of "uninsured motor vehicle" "any all-terrain (ATV) motorized vehicle or motorcycle or farm type tractor or equipment designed for use principally off public roads." 697 So. 2d at 789. The court concluded that a golf cart was a "recreational vehicle 'designed for use principally off public roads'" and was therefore excluded under the specific policy definitions there. *Id.* at 791. In this case GEICO could have used similar language but did not, leaving the term "motor vehicle" undefined.

GEICO then argues that ATVs are not covered under the MVRA and are not therefore "motor vehicles" under the terms of the Policy. GEICO again relies on *Dowdle*, but again the case falls short. Though the Mississippi Supreme Court turned to the MVRA definition of "motor vehicle" after concluding that the policy excluded recreational vehicles from UIM coverage, the court never stated that this was an alternative holding. Instead, it is clear from Justice McRae's dissent that the majority examined the MVRA to determine whether excluding recreational vehicles would not violate the MVRA. *Dowdle*, 697 So. 2d at 791 (McRae, J., dissenting) (arguing that exclusion violated the remedial nature of the MVRA). Indeed, "[i]nsurers may not use policy language to diminish coverage mandated by statute; however, they may enhance coverage." *Guardianship of Lacy v. Allstate Ins. Co.*, 649 So. 2d 195, 197 (Miss. 1995). Accordingly, the Court cannot read *Dowdle* as holding that the Policy incorporates the definition of a "motor vehicle" from the MVRA. And while other states may have different interpretations, that fact that Mississippi allows coverage to exceed the scope of the MVRA

5

forecloses this argument.  *Id*.

In the absence of a definition for the term "motor vehicle," the Court must "look for its 'ordinary and popular meaning.'"  *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 613 (Miss. 2009) (quoting *Noxubee Cnty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)).  Looking exclusively to that term without the benefit of surrounding contract language could support GEICO's position that ATVs are not "motor vehicles."  Merriam-Webster Dictionary, for example, defines "motor vehicle" as "an automotive vehicle not operated on rails; *especially*: one with rubber tires for use on highways," and the Oxford English Dictionary defines "motor vehicle" as "a road vehicle powered by an engine (usually an internal-combustion engine)."

But "[i]n determining the meaning of contract terms, this Court reads the contract as a whole, gives contract terms their plain meaning, and construes any ambiguities against the drafter."  *Aspired Custom Homes, LLC v. Melton*, 72 So. 3d 540, 548 n.6 (Miss. Ct. App. 2011) (citation omitted).  And according to the Reeds, the scope of "motor vehicle" as used in the UIM coverage section is explained in the exclusions and exceptions.  Plaintiffs argue that "even if the Honda Rancher does not fit the definition of 'uninsured motor vehicle,' th[e] exception to the exclusion [for farm-type tractors or other equipment] gives rise to uninsured motorist coverage . . . ."  Pls.' Mem. [24] at 6.  The Court notes that, as a general rule, "exclusionary language . . . cannot be used to create coverage where none exists."  *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1160 (Miss. 2010) (quoting *ACS Constr. Co., Inc. of Miss. v. CGU*, 332 F.3d 885, 892 (5th Cir. 2003)).  "However, this proposition does not preclude considering the policy 'as a whole,'" and "policy exclusions and exceptions thereto can be (and often are) valuable in

determining the parameters of coverage." *Id.* at 1160 (quoting *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008)).

Here, the Policy excludes from the definition of "uninsured motor vehicle," "[a] farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads." If the definition of "motor vehicle" cannot be understood to include vehicles other than those designed for use on roads or highways as GEICO contends, then "an exclusion that exempts from coverage [farm-type tractors or equipment designed for use principally off public roads] is nugatory." *Architex*, 27 So. 3d at 1160 (quoting *Stanley Martin Co. v. Ohio Cas. Grp.*, 313 F. App'x 609, 613 n.2 (4th Cir. 2009)). Thus, for the exclusion to have any meaning, "motor vehicle" must be broad enough to include at least "farm-type tractor[s] or equipment designed for use principally off public roads."

The parties dispute the breadth of the exclusion, and the exception to the exclusion, as they relate to the subject ATV. The Reeds contend that the ATV falls within the exception to the exclusion because it is "equipment designed for use principally off public roads" that was being used on a public road at the time of the accident. GEICO argues that the exclusion has no bearing on the case because the phrase "farm-type" modifies both "tractor" and "equipment" and the ATV is not "farm-type . . . equipment." In view of the parties' conflicting reasonable interpretations, as well as the many cases from other jurisdictions construing similar exclusions in a variety of ways,[2] the Court is of the opinion that "a reasonable person could have understood

---

[2]*See Puckett v. GEICO Indem. Co.*, No. 2009-CA-000594-MR, 2010 WL 2629562, at *2 (Ky. Ct. App. July 2, 2010) (concluding that "farm-type" unambiguously modifies both tractor and equipment); *Corbett v. Smith*, 507 S.E.2d 303, 305 (N.C. Ct. App. 1998) (concluding that "farm type" unambiguously modifies only tractor so that coverage for ATV is excluded); *State ex rel. Toastmaster, Inc. v. Mummert*, 857 S.W.2d 869, 872 (Mo. Ct. App. 1993) (concluding that

[the exclusion] to have more than one reasonable meaning." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 717 (Miss. 2004). The exclusion is therefore ambiguous and must be "construed most strongly against the preparer, the insurance company." *U.S. Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 198 (Miss. 2002). That would mean that the ATV was "equipment designed for use principally off public roads," and because it was being "used upon public roads" at the time of the accident, UIM coverage would exist. The ATV therefore qualifies as an "uninsured motor vehicle" under the Policy.[3]

IV.     Conclusion

Unlike the insurer in *Dowdle*, GEICO failed to define "motor vehicle." Had it done so, then an exclusion of UIM coverage for ATVs would have survived a challenge under the MVRA. As it is, the Policy is ambiguous. Thus, Plaintiffs' motion for partial summary judgment [10] is

---

"farm-type" unambiguously modifies only tractor); *Fletcher v. Aetna Cas. & Sur. Co.*, 477 N.W.2d 90, 93 (Wis. Ct. App. 1991) (concluding that the exclusion is ambiguous and affording uninsured motorists coverage to a dune buggy); *State Farm Mut. Auto. Ins. Co. v. Gandy*, 383 S.E.2d 717, 719 (Va. 1989) (concluding that the exclusion unambiguously excludes a forklift as "equipment designed for use principally off public roads"); *State Farm Mut. Auto. Ins. Co. v. Beck*, 734 P.2d 398, 400 (Or. Ct. App. 1987) (concluding that "farm-type" in statutorily-mandated language modifies only tractor); *Stallcup v. Duncan*, 684 S.W.2d 643, 645 (Tenn. Ct. App. 1984) (concluding that "farm-type" unambiguously modifies only tractor so that dune buggy is within exclusion); *Lane v. Hartford Ins. Grp.*, 447 A.2d 818, 820 (Me. 1982) (concluding that "farm type" unambiguously modifies only tractor so that crane is within exclusion); *Gov't Emps. Ins. Co. v. Daniels*, 434 A.2d 648, 656 (N.J. Super. Ct. App. Div. 1981) (concluding that motorbike is excluded as "other equipment designed for use principally off public roads").

[3]Though the Reeds do not raise the issue, the Policy employs a number of undefined terms including "auto," "automobile," "vehicle," and of course "motor vehicle." Merriam-Webster defines automobile as "a usually four-wheeled automotive vehicle designed for passenger transportation." The Oxford Dictionary defines the word as "a road vehicle, typically with four wheels, powered by an internal combustion engine or electric motor and able to carry a small number of people." This begs the question whether UIM coverage for "motor vehicles" was intended to encompass more than "automobiles," as used elsewhere in the Policy.

granted and Defendant's cross-motion for summary judgment [18] is denied. The parties are directed to contact the magistrate judge to enter a new scheduling order.

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2012.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE